ELECTRONICALLY FILED
1/21/2022 2:17 PM
10-CV-2022-900008.00
CIRCUIT COURT OF
BUTLER COUNTY, ALABAMA
MATTIE GOMILLION, CLERK

## IN THE CIRCUIT COURT OF BUTLER COUNTY, ALABAMA

| | |
|---|---|
| TRENITY S. BRIDGES, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> TRUCKERS NATIONWIDE INC., a Corporation, <br> ARC TRUCKING CORP, a Corporation, <br> and <br> MARCO CASTELLANO MARRERO, an Individual, | **_JURY TRIAL IS REQUESTED_** <br><br> CIVIL ACTION NO.: _____ |

[FICTITIOUS DEFENDANTS: No. 1, the driver(s) of the motor vehicle which failed to secure the tire causing the wreck; and whose negligence caused the plaintiff's injuries on the occasion made the basis of this suit; No. 2, the owner(s) of the motor vehicle which failed to secure the tire causing the wreck; and whose negligence caused the plaintiff's injuries on the occasion made the basis of this suit; No. 3, the person or people, firm or corporation who was responsible for the rental, sale, or lease of the motor vehicle which failed to secure the tire causing the wreck; and whose negligence caused the plaintiff's injuries on the occasion made the basis of this suit; No. 4, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; No. 5, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 6, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) or equipment involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; No. 7, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 8, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; No. 9, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 10, that entity or those entities that owned, maintained and/or entrusted the unidentified vehicle as described herein. Plaintiff avers that the identities of the fictitious parties defendants is otherwise unknown to plaintiff at this time, or, if their names are known to plaintiff at this time, their identities as proper party defendants is not known to plaintiff at this time, but their true names will be substituted by amendment when the unknown information is ascertained.]

Defendants.

## PLAINTIFF'S COMPLAINT

### PARTIES

1) Plaintiff TRENITY S. BRIDGES, (hereinafter referred to as "Plaintiff") is an individual over the age of nineteen (19) and a resident of Mobile County, Alabama.

2) Defendant Marco Castellano Marrero, ("Defendant Marrero"), is an individual over the age of nineteen (19) and upon information and belief is a resident of Miami-Dade County, in the State of Florida.

1

3) Defendant ARC TRUCKING CORP, ("Defendant ARC"), is a corporate defendant doing business within the State of Alabama, including the County in which this Complaint is filed.

4) Defendant TRUCKERS NATIONWIDE, ("Defendant TRUCKERS"), is a corporate defendant doing business within the State of Alabama, including the County in which this Complaint is filed.

5) Fictitious Defendants, described above as numbers one (1) through twenty (10), are those persons or entities whose names will be substituted upon learning their true identities.

## FACTS

6) On or about the 21st day of January, 2020, Plaintiff was operating a vehicle Northbound on Interstate 65 in Butler County, Alabama.

7) At the same time, Defendant Marrero was operating a tractor-trailer on I-65 when Defendant Marrero failed to maintain control of his vehicle causing a sudden stop in the Southbound shoulder of the highway. Defendants' right rear trailer tire and/or wheel was unsecured and detached from the trailer. Defendants' tire and/or wheel went into the lane of travel occupied by Plaintiff and caused an unavoidable collision between Plaintiff's vehicle and Defendants' tire and/or wheel.

8) At the time of the accident basis of this suit, Defendant Marrero was operating a commercial vehicle in the line and scope of his employment with Defendant ARC.

9) At the aforesaid time and place, Defendant Marrero negligently and/or wantonly caused said collision by improperly maintaining and operating the Defendants' tractor-trailer.

10) As a proximate consequence of Defendants' (and/or fictitious defendants') negligence and wantonness, the Plaintiff suffered significant and severe physical injuries and disabilities as set forth below. The Plaintiff was injured and damaged in various ways, including but not limited to the following:

    (a) She suffered injury to various portions of her body;

    (b) She suffered pain to various portions of her body;

    (c) She was severely injured and damaged;

    (d) She suffered great mental anguish;

    (e) She was caused to incur expenses for treatment from various doctors,

    physicians, and hospitals;

(f) She will continue to incur expenses for treatment from various doctors, physicians and hospitals;

(g) She was caused to incur aggravation and or exacerbation to then existing conditions that she either did or did not know of at the time of this wreck;

(h) She was caused to suffer lost wages; and

(i) Her vehicle was torn, twisted and diminished in value as a result of this accident.

## COUNT ONE – NEGLIGENCE/WANTONNESS

11) Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

### *Negligent Maintenance*

12) At the aforesaid time and place, Defendants' (and/or fictitious defendants') negligently and/or wantonly failed to prevent the accident by failing to select, properly maintain and routinely inspect the tractor-trailer.

13) The condition of Defendants' tractor-trailer made it unsafe to drive, and that condition contributed to the accident subject of this lawsuit.

14) Negligence per se. The fact that the Defendants' tractor-trailer's tire and/or wheel came loose from the tractor-trailer while it traveled an Interstate highway shows that the condition of the tractor-trailer made it unlawful to be driven at the time.

15) A reasonable person with reasonable practices should have reasonably maintained and detected the faulty tire and/or wheel. Defendants' failed to repair the given condition.

16) Defendants' negligent maintenance of the tractor-trailer caused a collision between the Defendant's tractor-trailer's tire and/or wheel and the Plaintiff's vehicle. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above.

3

### Failure to Inspect, failure to warn and failure to remedy

17) Defendant Marrero knew or should have known he had lost a tire and/or wheel on the tractor-trailer as he lost control of the tractor-trailer and came to a rest on the southbound shoulder of the highway.

18) Defendant Marrero failed to inspect the area for the tire and/or wheel;

19) Defendant Marrero failed to locate the missing tire and/or wheel;

20) Defendant Marrero failed to warn or provide any notice of the danger to other drivers;

21) Defendant Marrero failed to reasonably notify the authorities

22) Defendant Marrero failed to remove the tire and/or wheel

23) Such failure placed other drivers in eminent danger of receiving bodily injuries and property damage

24) Such failure was a proximate cause of cause of the Plaintiff's injuries and damages described above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the above-referenced Defendant and/or fictitious party defendants listed and described in the caption hereinabove, for general and compensatory damages that the Court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful act and which will effectively prevent other similar wrongful acts.

### COUNT TWO – RESPONDEAT SUPERIOR

14. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

15. At the time and place of the incident made the basis of this suit, Defendant Marrero was operating a commercial motor vehicle in the line and scope of the employee's employment with Defendant ARC. As such, Defendant is vicariously liable for the actions of their employee and/or agent as said employer was the master or principal of their employee. Said negligent and/or wanton conduct was a

proximate cause of the Plaintiff's injuries and damages described above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the above-referenced Defendant and/or fictitious party defendants listed and described in the caption hereinabove, for general and compensatory damages that the Court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful act and which will effectively prevent other similar wrongful acts.

### COUNT THREE – NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

16. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

17. At the time of the occasion made the basis of this lawsuit, and for some time prior thereto, Defendant ARC was responsible for the hiring, training, supervising, and retention of Defendant Marrero. Defendant ARC negligently and/or wantonly failed to hire, train, supervise, and retain said employee. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the above-referenced Defendant and/or fictitious party defendants listed and described in the caption hereinabove, for general and compensatory damages that the Court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful act and which will effectively prevent other similar wrongful acts.

### COUNT FOUR – NEGLIGENT/WANTON ENTRUSTMENT

18. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

19. At the time of the accident made the basis of this Complaint, Defendant ARC was the owner of, and had the right of control over the use of the commercial vehicle driven by Defendant Marrero. Defendant ARC negligently and/or wantonly entrusted said vehicle to Defendant Marrero, who negligently and/or wantonly operated said vehicle injuring the Plaintiff. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the above-referenced Defendant and/or fictitious party defendants listed and described in the caption hereinabove, for general and compensatory damages that the Court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful act and which will effectively prevent other similar wrongful acts.

Respectfully Submitted,

/s/ J. Ross Massey
**J. ROSS MASSEY**
**(MAS-047)**

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
1374 S. Milledge Avenue
Athens, GA 30605
(706) 355-6003 | Telephone
(205) 983-8445 | Facsimile

Plaintiff's Address:
c/o J. Ross Massey, Esq.
SHUNNARAH INJURY LAWYERS, P.C.
1374 S. Milledge Avenue
Athens, GA 30605

## **NOTICE OF SERVICE**

**Defendants shall be served with this Complaint and Discovery Requests by private process server at the location below:**

Truckers Nationwide Inc.
c/o Registered Agent Alacrity Legal Services
818 Western America Drive
Mobile, AL 36609

ARC Trucking Corp.
9801 Larkwood Drive, #2623
Houston, TX 77096

Marco Castellano Marrero
7150 NW 177th Street, Apartment 207
Hialeah, FL 33015